No. 13,340.

CLARK *v.* PARSONS ET AL.
(25 P. [2d] 176)

Decided August 7, 1933. Rehearing denied September 25, 1933.

Messrs. PERSHING, NYE, BOSWORTH & DICK, Mr. JOHN PERSHING, for plaintiff in error.

Mr. W. B. KING, Mr. J. T. MACEY, for defendants in error.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THE defendants in error George and Kate D. Parsons, as plaintiffs below, brought suit in equity asking the district court to require the defendant Clark, who is the plaintiff in error, to convey to them the land covered by what they claim is a full-sized lode location made by them. The plaintiffs prevailed, and Clark brings the decree here for review. The interests of the two plaintiffs

being identical, we shall for simplicity's sake refer to them in the singular as Parsons.

In 1908 Parsons located what he now claims to be a lode location made under the mining laws of the United States. Clark refers to it as a tunnel-site location, made or attempted to be made by the same authority. In 1921 a man named Murphy applied for a homestead entry of land which, Parsons contends, conflicted with the Parsons claim. Parsons filed a contest in the land office with the result that in 1924 the Department of the Interior canceled Murphy's homestead entry "to the extent of conflict with the tunnel location of contestant." Murphy thereupon relinquished his homestead entry. The plaintiff in error Clark immediately applied for a homestead entry on the same land, the application expressly "excluding therefrom the Kate D. Parsons tunnel location." No contest was filed by Parsons or anyone else. A United States patent was issued to Clark in 1925, but evidently through inadvertence, it omitted to mention the exclusion. Parsons says he discovered the mistake only a few months before the institution of this suit in September of 1927. In January of 1924, before the Murphy relinquishment, Parsons filed for record a location certificate purporting to cover a lode mining claim which he called the Independence. While the complaint calls this instrument an amended location certificate, it is in form an independent, original location certificate, nowise referring to any previous location. There is, however, in evidence an alleged location certificate, dated and recorded January 27, 1908, which indicates an attempt to locate a tunnel site, the dimensions claimed therein being far in excess of the statutory maximum dimensions for lode locations, including for example "3000 linear feet and horizontal measurement on the Independence lode, vein, ledge or deposit, along the vein thereof." The date of this 1908 location is given as January 13, 1908, which is also the date mentioned in

the 1925 location certificate as the date of discovery therein.

The patent for Clark's homestead undoubtedly fixes the agricultural character of the land. It also conveys title of the entire homestead tract. Only by a direct proceeding brought by the government could the patent have been reformed or canceled without Clark's consent. However, realizing the mistake of the government in omitting the aforesaid exclusion, and in the true spirit of equity, Clark offers to convey to the plaintiffs all mineral rights underlying the so-called Independence Lode Mining Claim within the boundaries thereof, together with the surface area reasonably necessary for the operation of the Kate D. Parsons Tunnel, such area to be determined by evidence to be taken by the trial court. That offer is hereby approved. The plaintiffs having failed to make out a case against the defendant, the judgment will be reversed, and the case remanded with directions to the district court to enter a decree in favor of the defendant Clark, and, if the plaintiffs elect to accept the defendant's gratuitous offer, then to take evidence as to what surface area is reasonably necessary for the operation of the Parsons tunnel, and to effectuate the aforesaid offer of the defendant. If the plaintiffs should fail or refuse to accept the offer within ten days after the remittitur is filed in the district court, the decree shall be unconditionally entered in favor of the defendant.

In view of the reversal, certain "cross-assignments of error" by the defendants in error become immaterial and we need not rule upon them.

Judgment reversed with directions.

MR. JUSTICE CAMPBELL and MR. JUSTICE HOLLAND not participating.